O’INeall, J.
delivered the opinion of the Court.
Two questions arise, in this case, on which it is thought proper to express the opinion of the Court. 1st. Whether the testimony, offered in support of the second count of the declaration, ought to have been received. 2d. Whether, under a general replication of assets, of the value of the damages phiimed by the plaintiff, the proof offered to falsify the defendant’s plea of plane administravit, ought to have, been received.
3 st. The action for money had and received lies, in all cases, for money which, ex mquo et bono, the defendant ought to refund ; as where it has been paid by mistake, or on a consideration which has failed. 2 Bur. 1012. In the case before us, the application of the principle laid down will be seen, at once, by a statement of the facts offered to be proved. The plaintiff, and the defendant’s testator, were co-exeeutors of Joseph Johnson, deceased. The plaintiff paid him some money, and gavs *603 up to him, and receipted in full his own 'nbte made to the plaintiff for articles purchased at their testator’s sale. Subsequently, the legatees of Joseph Johnson filed a bill in the Court of Equity against the plaintiff, as surviving executor, and compelled him to account for, and pay to them, the amount which he had paid over to the defendant’s testator, iircluding the amount of his note, which the plaintiff gave up and receipted in full. On these facts being proven, it would appear too obvious to require comment, that the defendant’s testator had in his hands money, paid to him by mistake, and which, ex cequn et bono, he ought to refund. Suppose it had been paid to him to manage as executor; certainly, upon his death, the plaintiff, as surviving executor, was legally intitled to it. In order to enable him to recover it back, without styling himself executor, it was only necessary to shew, that the claim arose from a contract with him, express, or implied, after the testator’s death. If it were paid to the defendant’s testator, as a legacy, or in any other right, it is obvious that it was by mistake; for under the decree of a Court of competent jurisdiction, the plaintiff has been compelled to pay it to others. The case appears to me to involve no complication of accounts, which ought to make it cognizable in another jurisdiction. It is the'ordinary case of one, who has received the money of another, on a*mistake in fact.
2d."The second question is one arising out of the form of the pleadings. If i had found that the practice of our Courts had sanctioned a special replication, however erroneous I might deem such a practice, I should not have been disposed to alter it; for one of the objects of pleading is, to apprize the parties of the charge to be answered, or the defence to be repelled. If there is any innovation on the practice, the consequence is sur-prize to one, or other, of the parties, who is thus delivered up, hound hand and foot, to his adversary, and deprived of the lawful means of resistance. The practice in this State has, however, been uniform, to reply by a general traverse of the plea. On.looking into all the English,- and American, forms of-replications, I have not found a single one, in which it is undertaken to set out the assets which have not. been administered. The replication in this case, is precisely in accordance with all the precedents. 2 Ch. Pl. 658,-660. Story’s Pl. 144, American Precedents by Anthon, 548. In 2 Saund. on Plead. *604 and F.v. marginal page 508, it is said, “ to the plea of plane ad-ministravit, if untrue, the plaintiff should reply, that at the time of exhibiting the bill, or the commencement of the suit, the defendant had assets; or, if assets have come to his ha'nds since the commencement of the suit, and before the plea ; or, if at the time the defendant first had notice of the action, he had assets, but unduly' administered them afterwards, the facts may be replied specially.” These are, I apprehend, the true rules governing replications to the plea of plane administravit; for in this, as in all other cases, where one party makes a defence, which the other denies to be true, there a general traverse is all that is necessary. If the facts stated in the defence made by the plea be true, but their legal effect is avoided by matter subsequent, such matter must be replied specially.
Under the 6th Rule of Court, the defendant is required to file, with her plea oíplene administravit, a true copy of the inventory of the estate, and a statement of the accounts of her administration, on oath. These, however, are no part of her plea; they are the evidence to support it, and throw upon the opposite party the burthen of falsifying them by proof. Separate the pleading and the proof, and there can be no plainer proposition, than that the evidence offered was admissible, under a general traverse, to falsify the defendant’s plea.
The defendant pleads plene administravit, the plaintiff replies by traversing it, and issue is taken upon it. What is the affirmative of the issué'? The fact, of full administration. Who has asserted this affirmative 1 The defendant: and she is, therefore, bound to prove it. This she does by producing the copy of the inventory, and the statement of the accounts of her administration, on oath, filed with her plea. To this evidence on the part of the defendant, the plaintiff can reply, by any proof which shews it to be untrue, in part, or in the whole. The inventory is evidence of what the estate consisted. It may be falsified, by shewing that the defendant , has in her possession property of her testator not included in it. Her'statement of accounts is the evidence of her receipt and expenditures. It may be assailed by shewing, that, she has received more than she has accounted ior; paid debts out of their legal order; or paid away the whole estate to debts of equal grade, after,notice of the claims of the plaintiff, We are therefore of opinion, *605 that (he evidence offered to support the .second count of the declaration, and to contradict the plea of plene administravit under a general traverse, ought to have been received ; and the motion fór a new trial must be granted.
Colcock, J. and Johnson, J. concurred.
Motion granted.